## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11 Proceeding** |
| | ) | |
| **Joseph Carmen DiCaro** | ) | **Case No. 08-32682** |
| | ) | |
| **Debtor.** | ) | **Hon. John H. Squires** |
| | ) | |

### NOTICE OF MOTION

To: Attached Service List

   Please Be Advised that on July 28, 2009, at 9:30 a.m., Joseph Carmen DiCaro will appear by counsel before the Honorable John H. Squires or any judge presiding in his stead in Courtroom 680, 219 South Dearborn Street, Chicago, Illinois, and shall then and there present the **Application for Final Decree and Order of Substantial Consummation**, a copy of which is attached hereto.

                                              **Respectfully submitted,**
                                              **Joseph Carmen DiCaro**

                              BY:   /s/ Gregory J. Jordan
                                         One of His Attorneys

Gregory J. Jordan (ARDC# 6205510)
Apostol, Kowal & Jordan, Ltd.
200 South Wacker Drive, 32nd Floor
Chicago, Illinois 60606
(312) 854-7181 (Direct)
(312) 276-9285 (Facsimile)

## CERTIFICATE OF SERVICE

  I, Gregory J. Jordan, certify that pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System, service of the Application for Final Decree and Order of Substantial Consummation on all persons identified as Registrants on the appended service list was accomplished through the Court's Electronic Notice for Registrants and, as to all other persons on the attached service list, I caused a copy to be sent First Class Mail, as indicated, before 4:00 p.m. on July 28, 2009.

            /s/ Gregory J. Jordan

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11 Proceeding** |
| | ) | |
| **Joseph Carmen DiCaro** | ) | **Case No. 08-32682** |
| | ) | |
| Debtor. | ) | **Hon. John H. Squires** |
| | ) | |

**SERVICE LIST**

Advocate Good Samaritan Hospital
3815 Highland Ave.
Downers Grove, IL 60515-1500

Athletico
709 Enterprise Dr.
Oak Brook, IL 60525

AT&T
PO Box 6428
Carol Stream, IL 60197-6428

AT&T Home
P.O. Box 8100
Aurora, IL 60507-8100

Roundup Funding LLC
MS 550
PO Box 91121
Seattle WA 98111-9221

Capital One
c/o TSYS Debt Management
PO Box 5155
Norcross GA 30091

Illinois Department of Revenue
Bankruptcy Unit
100 W. Randolph St., #7-400
Chicago, IL 60601

Chase Home Finance LLC
c/o Christopher M. Brown
Pierce & Associates, P.C.
1 North Dearborn St., Ste 1300
Chicago IL 60602

Citibank
PO Box 688902
Des Moines, IA 50368-8902

ComEd Claims Department
4th Floor, Three Lincoln Center
Villa Park, IL 60181

Daniel Toner & Associates
100 W. Monroe St, Suite 2012
Chicago, IL 60606

Illinois Department of Revenue
PO Box 19475
Springfield IL 62794

Brian A. Press
Internal Revenue Service - Small Business-Self
Employed Business Division
Suite 2300
200 W. Adams St.
Chicago IL 60606

James Newbold
Assistant Attorney General
Revenue Litigation Bureau
Office of the Illinois Attorney General
69 West Washington Street - Suite 1800
Chicago, IL  60602

Mercantile Exchange
30 S. Wacker
Chicago, IL 60606

Nicor Gas
1844 Ferry Road 7W
Naperville, IL 60563

Quest Diagnostics
10101 Renner Blvd.
Lenexa, KS 66219

U.S Cellular
PO Box 0203
Palatine, IL 60055-0203

Loraine DiCaro
1305 Castlewood Ct
Lemont, IL 60439

MBNA America
PO Box 15137
Wilmington, DE 19886-5137

Planet Toyota
5540 Auto Court
Matteson, IL 60443

Chase
PO Box 659409
San Antonio, TX 78265

Capital One
PO Box 60024
City of Industry CA 91716-0024

Cameron M. Guilden
Office of the United States Trustee
219 S. Dearborn St., Room 873
Chicago, IL 60604

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11 Proceeding** |
| | ) | |
| **Joseph Carmen DiCaro** | ) | **Case No. 08-32682** |
| | ) | |
| **Debtor.** | ) | **Hon. John H. Squires** |
| | ) | |

### APPLICATION FOR FINAL DECREE AND
### ORDER OF SUBSTANTIAL CONSUMMATION

NOW COMES the Reorganized Debtor, Joseph DiCaro, by Gregory J. Jordan and the firm of Apostol, Kowal & Jordan, Ltd., its counsel, and applies to the Court pursuant to §1142 of the United States Bankruptcy Code (11 U.S.C. §101 et.seq., hereinafter the "Bankruptcy Code") and Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for a Final Decree and an Order declaring the Fifth Amended Plan of Reorganization Proposed by Joseph Carmen Dicaro (the "Plan") to have been substantially consummated. In support of this Application, the Reorganized Debtor respectfully represents as follows:

#### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue for this Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for the relief requested herein is §1142 of the Bankruptcy Code and Rule 3022 of the Bankruptcy Rules.

#### BACKGROUND

3. On November 28, 2008 (the "Petition Date"), the Debtor filed his voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to operate and manage his business and property pursuant to §§1107(a) and 1108 of the Bankruptcy

Code. No trustee or examiner has been appointed in this chapter 11 case. No committee of unsecured creditors was appointed.

4. The Plan was confirmed by order of this Court entered April 7, 2009 and entered on the docket on April 20, 2009 (the "Confirmation Order").

**PAYMENT OF CLAIMS AND ACTIONS TAKEN UNDER THE PLAN TO DATE**

5. Administrative Claims. The administrative obligation owed to Apostol, Kowal & Jordan, Ltd., the debtor's counsel, for services prior to the entry of the order confirming the Plan has been paid in full and the Reorganized Debtor has paid his general administrative claims in accordance with contractual terms, as shown by the affidavit of Joseph DiCaro dated July 27, 2009, and submitted with this Application as Exhibit "A" (the "DiCaro Affidavit").

1. Class 1A – Secured Claim of Chase Home Mortgage. The Reorganized Debtor has paid the Class 1A Claim in accordance with terms of the Plan and the Reorganized Debtor's contractual obligations, as shown by the DiCaro Affidavit.

2. Class 1B – Secured Claim of Planet Toyota. The Reorganized Debtor has paid the Class 1B Claim in accordance with terms of the Plan and the Reorganized Debtor's contractual obligations, as shown by the DiCaro Affidavit.

3. Class 1C – Secured Tax Claim of the IDOR. The Reorganized Debtor has paid the Class 1C Claim by delivering the initial and first quarterly payment owing to the Illinois Department of Revenue in accordance with terms of the Plan, as shown by the DiCaro Affidavit.

4. Class 1D – Secured Tax Claim of the IRS. The Reorganized Debtor has paid the Class 1C Claim by delivering the initial and first quarterly payment owing to the Internal Revenue Service in accordance with terms of the Plan, as shown by the DiCaro Affidavit.

-2-

5. Class 2A – Priority Tax Claim of IDOR.  The Reorganized Debtor has paid the Class 2A Claim by delivering the initial and first quarterly payment owing to the Illinois Department of Revenue in accordance with terms of the Plan, as shown by the DiCaro Affidavit.

6. Class 2B – Priority Tax Claim of IRS.  The Reorganized Debtor has paid the Class 2B Claim by delivering the initial and first quarterly payment owing to the Internal Revenue Service in accordance with terms of the Plan, as shown by the DiCaro Affidavit.

7. Class 3A – General Unsecured Claims.  The Reorganized Debtor has paid the Class 3A Claims by delivering the initial and first quarterly payment owing to each of the holders of Allowed General Unsecured Claims in accordance with terms of the Plan, as shown by the DiCaro Affidavit.

8. Class 3B – Convenience Class.  The Reorganized Debtor has paid the Class 3B Claims by delivering the first and thus final payment owing to each of the holders of Allowed Convenience Class Claims in accordance with terms of the Plan, as shown by the DiCaro Affidavit.

9. Equity Interests.  Joseph DiCaro, the holder of the Equity Interests has waived any rights to collect any consideration, asset or property on account of his Equity Interest and has not and will not receive any consideration, asset or property on account of his Equity Interest.

10. The Reorganized Debtor has filed all post-confirmation reports required to be filed and paid all sums owing to the Office of the United States Trustee.  In particular, the Reorganized Debtor has estimated his disbursements through the date of the presentation

of this Application and provided the same to the Office of the United States Trustee and the Internal Revenue Service.

**RELIEF REQUESTED**

11. The Plan provides as follows:

    XVI.   CLOSING THE ESTATE

    For purposes of §1127(b) and for the closing of the estate, the following shall be conditions precedent to the substantial consummation of the Plan:

    A.   The Confirmation Order shall have become a Final Order or such requirement shall have been waived in writing by the Debtor; and

    B.   The date on which the Debtor payments makes the initial payment to Class 1C and 1D Claimants and the first quarterly payment due under this Plan and owing to Class 1C, 1D, 2A, 3A and the first and final payment to Class 3B Claimants.

12. The Reorganized Debtor requests that the Court enter an order providing that all creditors of, claimants against, and persons having or claiming interests of any nature whatsoever in the property and assets of the Reorganized Debtor shall be enjoined and stayed from pursuing or attempting to pursue or commence any suits at law, in equity, or otherwise against the Reorganized Debtor or against his property, or against any nominee, assignee, or grantee of the Reorganized Debtor, or against any person or entity claiming by, through or under the Reorganized Debtor on account of, or based on any right, claim or interest which any creditor, claimant, or other person may have had at the date of the filing of the Reorganized Debtor's Chapter 11 case, in, to, or against the Reorganized Debtor and against his property or assets, except with respect to claims, rights or interests arising out of the Plan or orders of this Court.

13. The Reorganized Debtor is not required to take any additional actions under the Plan or the Confirmation Order that are conditions precedent to the determination of substantial consummation or the closing of the Debtor's case.

14. The Reorganized Debtor has taken all steps necessary to substantially consummate the Plan. Because of such actions, he seeks the entry of a Final Decree and an Order declaring the Plan of Reorganization to have been substantially consummated.

WHEREFORE, the Debtor requests the court to enter a Final Decree and an Order declaring the Plan of Reorganization to have been substantially consummated,

Dated: July 28, 2009

**JOSEPH DICARO**

By: /s/ Gregory J. Jordan
       One of His Attorneys

Gregory J. Jordan (ARDC# 6205510)
Apostol, Kowal & Jordan, Ltd.
200 South Wacker Drive, 32nd Floor
Chicago, Illinois 60606
(312) 854-7181 (Direct)
(312) 276-9285 (Facsimile)